**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRYSTAL IMAGE TECHNOLOGY, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-307 |
| v. | ) ) | Judge Lancaster |
| | ) | Magistrate Judge Bissoon |
| MITSUBISHI ELECTRIC CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**CASE MANAGEMENT ORDER**

IT IS ORDERED that compliance with the relevant provisions of the Local Patent Rules

shall occur as follows:

1.      The parties shall move to amend the pleadings or add new parties by

June 19, 2009.

2.      Plaintiff ("CIT") must serve on all parties a Disclosure of Asserted Claims and

Infringement Contentions by April 20, 2009.

3.      Defendant ("MEC") must serve on all parties a Disclosure of Non-Infringement

and Invalidity Contentions by May 5, 2009.

4.      Each party will simultaneously exchange Proposed Claim Terms and Phrases for

Construction by May 29, 2009.

5.      The parties have elected Early Neutral Evaluation ("ENE") as their preferred form

of Alternative Dispute Resolution.  An ENE before John W. McIlvaine, III, will take place on or

before June 26, 2009.

6.      The parties shall meet and confer by July 15, 2009 to identify claim terms and phrases that are in dispute, and claim terms and phrases that are not in dispute and prepare and file a Joint Disputed Claim Terms Chart.  Each party shall also file with the Joint Disputed Claim Terms Chart an appendix containing a copy of each item of intrinsic evidence cited by the party in the Joint Disputed Claim Terms Chart.

7.      **A telephonic Status Conference will be conducted before the undersigned on July 22, 2009 at 10:00 a.m.**  Counsel shall contact Chambers on a single telephone line, and Plaintiff's counsel shall be responsible for initiating the call.  Counsel shall confer before the Conference, and be prepared to discuss:

a.      Their proposed presentation of technology "tutorials" to the Court, including:  when the tutorials will be presented; whether the tutorials will be presented "live" or submitted through a recorded medium (*e.g.*, DVD); the proposed length of the tutorials; and the general content of the tutorials, including who will present them and the intended use of audio-visual devices; and

b.      The anticipated duration of the parties' presentations at the *Markman* Hearing; whether the Court will hear live testimony at the Hearing; the parties' order of presentation; and any other outstanding issues the parties wish to raise regarding *Markman*.

8.      CIT shall file and serve an Opening Claim Construction Brief and an identification of extrinsic evidence by August 14, 2009.

9.      MEC shall file and serve a response to the Opening Claims Construction Brief, an identification of extrinsic evidence and any objections to extrinsic evidence by September 3, 2009.

10.     CIT may serve and file a Reply directly rebutting MEC's Response, and any objections to extrinsic evidence by September 18, 2009.

11.     The *Markman* Hearing will commence before the undersigned **on October 6, 2009 at 10:00 a.m.**

12.     The parties shall complete fact discovery by November 20, 2009.  All interrogatories, notices of deposition, requests for admission and requests for production **shall be served within sufficient time to allow responses to be completed and served prior to the close of discovery and within sufficient time to allow the completion of fact witness depositions prior to the close of discovery**.

13.     Additionally, the fact discovery deadline (and expert discovery deadlines established below) will be extended only by leave of Court for good cause shown, and upon motion filed prior to the date on which discovery closes.  The motion shall state the reason(s) for the requested extension and shall enumerate with specificity any previous extensions of discovery.  Unless otherwise ordered, the filing of a motion and/or the parties' participation in the ADR process will not stay discovery.

14.     Counsel for the parties must confer on discovery disputes, consistent with the Court's Local Rules, prior to seeking the Court's intervention.  If counsel for the parties cannot resolve the dispute, the parties must contact the Court to set up a conference in an effort to resolve the matter, rather than filing a formal discovery motion.  For discovery disputes that arise during a deposition, the attorneys together may contact the Court to resolve the matter.

Any dispute not resolved shall be presented by motion in accordance with the Court's Practices and Procedures (see web page at http://www.pawd.uscourts.gov/Documents/Public/ Reference/bissoon.pdf).  For discovery motions (or any other type of motion), **no briefing schedule will issue**.  Discovery motions shall include copies of only those pertinent portions of

depositions, interrogatories, requests for admission and responses, *et cetera*, that are relevant to disposition of the motion.

15.     Each party shall make its initial expert witness disclosures, as required under Rule 26, on the issues on which each bears the burden of proof, within 30 days after the Court's ruling on claim construction.

16.     Each party shall make its initial expert witness disclosures, as required under Rule 26, on the issues on which the opposing party bears the burden of proof, within 30 days after the first round of expert disclosures.

17.     Rebuttal expert witness disclosures are to be made within 10 calendar days after the second round of expert disclosures.

18.     Expert Depositions, if any, shall be scheduled using the following dates:  starting 7 calendar days after the service of rebuttal expert reports, with depositions being completed within 30 days after commencement of the deposition period.

19.     Upon completion of expert discovery, as consistent with the deadlines established above, a post-discovery Status Conference will be scheduled by the Court.

20.     The inadvertent production of any document information or other thing furnished by any Party (or non-party) to any other Party (Litigation Material) which a Party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product privilege or joint defense privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges.  A Party or non-party may request the return of any Inadvertently Produced Privileged Material.  A request for the return of any Inadvertently Produced Privileged Material shall identify the Litigation Material inadvertently produced and the basis for withholding such Litigation Material from

production.  If a Party or non-party requests the return, pursuant to this Paragraph, of any

Inadvertently Produced Privileged Material then in the custody of another party, such party shall

within five (5) business days return to the requesting Party or non-party the Inadvertently

Produced Privileged Material and all copies thereof.  The Party or Parties returning such

Inadvertently Produced Privileged Material shall not assert as a ground for entering an order

compelling production of the Inadvertently Produced Privileged Material the fact or

circumstances of the inadvertent production.  The return of any Inadvertently Produced

Privileged Material shall not in any way preclude the receiving Party from moving the Court for

an order that:  (i) the Litigation Material was never privileged or otherwise immune from

disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other

than the production of the Litigation Material.

21.     **By March 27, 2009**, the parties shall submit cross-briefing, limited to five pages

each, regarding whether the Court should order the inclusion of the proposed, bracketed

language in Exhibit "C" to the Rule 26(f) Report (Doc. 30).  With their briefs, the parties shall

submit proposed orders encompassing the subject matter of Exhibit C, for suggested addendum

to the standard Protective Order entered by operation of L.P.R. 2.2.  The Court will adopt the

proposed order it believes is most sound and just under the law.

IT IS SO ORDERED.


March 19, 2009                                                  s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States Magistrate Judge
cc (via email):

All Counsel of Record