# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL IMAGE TECHNOLOGY, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-307 |
| v. | ) ) ) | Judge Lancaster<br>Magistrate Judge Bissoon |
| MITSUBISHI ELECTRIC CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

On March 19, 2009, the parties were directed to cross-brief whether the proposed bracketed language in Exhibit "C" to their Rule 26(f) Report should be added to Paragraph 8 of this District's standard Protective Order, entered by operation of L.P.R. 2.2. *See* Case Mgmt. Order (Doc. 32) at ¶ 21. The parties have briefed the issue, and the matter now is ripe for adjudication.

Exhibit C contains language commonly referred to as the "prosecution bar," and it reads:

> [N]o attorney or other individual who has access to the other parties' Confidential Attorney Eyes Only Information designated pursuant to this order shall be involved thereafter, in the **[prosecution or]** drafting of patent applications, claim language for patent applications, or arguments made in support of patent applications **[or a patent in reexamination]**, before the U.S. Patent and Trademark Office or foreign patent agencies, for inventions related to methods or apparatus for displaying high resolution images of the type disclosed generally in U.S. Patent 6,078,038. This exclusion continues for a period of one year after the conclusion of this litigation.

*Id.* (disputed language in bold text).

Defendant has requested the inclusion of the bracketed text, and Plaintiff now acquiesces to the adoption of the phrase "prosecution or." *See* Pl.'s Br. (Doc. 35) at 1, 4. Thus, the only remaining dispute is whether the prosecution bar should extend to reexaminations. *Compare id. with* Exhibit C, quoted *supra*. Defendant bears the burden in this regard. *See* District's standard Protective Order (omitting Defendant's requested language); *see also* Photoprotective Techs., Inc. v. Insight Equity A.P. X, LP, 2007 WL 2461819, *1 (W.D. Tex. Aug. 27, 2007) (for purposes of prosecution bar, requesting party bears burden of demonstrating necessity) (citation in footnote omitted).

All of the precedent cited by Defendant addresses the prosecution bar generally, as opposed to its application within the context of reexamination. *See* cases cited in Def.'s Br. (Doc. 33) at 2-5.[1] Defendant's assertions regarding reexamination are limited to the following:

> The rationale for preventing attorneys with access to confidential information from . . . prosecut[ing] new applications applies with equal force to patents in reexamination. A reexamination of a patent before the [USPTO] is a continuation of the pre-issuance prosecution of the patent. The patent holder must make decisions concerning claim scope and emphasis.
>
> During a reexamination, [Plaintiff] would be able to modify its claims by filing amendments. Counsel that ha[ve] reviewed [Defendant's] confidential information would be unfairly equipped to tailor such modifications, even unintentionally, to cover [Defendant's] products. Even if [Plaintiff] does not amend the claims, any decision not to do so would be unfairly influenced if [Plaintiff's] prosecution counsel ha[ve] possession of [Defendant's] confidential . . . product information. In any event, [Plaintiff] would still need to respond to the USPTO's decisions that certain prior art raises 'a substantially new question of

---

[1] In fairness, Defense counsel was not aware that Plaintiff would withdraw its general objection to the prosecution bar, and the parties' submissions were subject to a page limitation. *See* Case Mgmt. Order at ¶ 21 (restricting parties' briefing to five pages). Nevertheless, Defendant's proposed language specifically addresses reexamination; counsel was on notice that the issue would be adjudicated; and Defendant neither objected to the Court's page limit during the Conference at which it was established nor subsequently sought leave for an extension.

> patentability.' Allowing [Plaintiff's] prosecution counsel access to [Defendant's] confidential information will provide [Plaintiff] with an unfair competitive advantage when forming its responses to the USPTO.

Def.'s Br. at 5.

Defendant is not the first alleged infringer to have raised these arguments, and there is some split of authority on the matter. The bulk of recent cases, however, have determined that the confidentiality concerns cited by Defendant are mitigated by the nature of the reexamination process.

> As observed in Pall Corporation v. Entegris, Inc.,
>
>> [T]he Patent Act . . . expressly curtails the scope of reexamination, prohibiting any claim amendment that would enlarge the scope of the initial patent. . . . [Thus, a]n important limitation on reexamination is that no proposed amended or new claim enlarging the scope of a claim of the patent will be permitted . . . . [C]laims added or amended in a reexamination proceeding will necessarily be narrower[ and, t]herefore, no device can infringe the narrower claims emerging from reexamination that would not have infringed the original claims . . . .

*Id.*, 2008 WL 5049961, *4 (E.D.N.Y. Nov. 26, 2008) (citations and internal quotations omitted). The above restriction "both underscores the distinction between initial patent prosecution and reexamination, and effectively mitigates the potential . . . misuse [of] PTO procedures to gain a collateral business or litigation advantage, thereby rendering a prosecution bar in the reexamination context largely unnecessary." *Id.*; *accord* Kenexa Brassring Inc. v. Taleo Corp., 2009 WL 393782, *2 (D. Del. Feb. 18, 2009) ("[b]ecause reexamination involves only the patent and the prior art, defendant's confidential information is basically irrelevant to the reexamination") (citations and internal quotations omitted); Avocent Redmond Corp. v. U.S., 85 Fed. Cl. 640 (Fed. Cls. Ct. Feb. 5, 2009) (defendant's concern that plaintiff's attorneys

3

"[would] have the opportunity to re-write patent claims that they [we]re actively litigating . . . ignore[d] applicable patent law" precluding amendment of "claims beyond that which [were] disclosed in the original patent application") (citation and internal quotations omitted); Hochstein v. Microsoft Corp., 2008 WL 4387594, *3 (E.D. Mich. Sept. 24, 2008) (holding same) (citation omitted).

As previously suggested, this reasoning is not without its critics. *See, e.g.,* Kenexa, 2009 WL 393782 at *2 *and* n.3 (acknowledging that it "may . . . be[] in defendant's best interest to ensure that the patent owner's trial team is prohibited from participat[ing] in any requested reexamination") (citing Sterne, Robert G., *et al.*, *Reexamination Practice with Concurrent District Court of USITC Patent Litigation*, The Sedona Conference (2008) ("*Sterne* Article")); *see also Sterne* Article (available at http://64.237.99.107/media/pnc/1/media.941.pdf) at 16 ("As a general matter, no party having access to another party's highly confidential technical information under a protective order should be allowed to [participate in] . . . the drafting of . . . claims under reexamination in the same technical space."). It remains Defendant's burden, however, to demonstrate why the prosecution bar should extend to reexaminations, and Defendant has failed to convince the Court it should deviate from the majority trend recognizing that the nature of the reexamination process mitigates against broadly stated concerns of unfair advantage.

This being said, the Court believes that certain limitations regarding litigation counsel's participation in the reexamination process are appropriate.

The first relates to Plaintiff's indication that the prosecution bar should be relaxed because of Defendant's potential request for reexamination of the patent-in-suit ("PIS"). *See* Pl.'s Br. at 2 (stating Defendant "has signaled that it may seek reexamination" of PIS).

4

Plaintiff has failed to assert, and the Court has no reason to infer, that Plaintiff's objection extends to requests for reexamination by third parties or Plaintiff itself.

Should anyone other than Defendant seek reexamination of the PIS, the justifications for allowing trial counsel to participate are substantially undermined. *See generally* Kenexa, 2009 WL 393782 at *2 (finding reexamination "part and parcel of the [litigation in question,]" because defendant requested reexamination of plaintiff's patent-in-suit) (citation omitted); Hochstein, 2008 WL 4387594 at *4 (parties' stipulated protective order contemplated prosecution bar on reexamination "by a 'true' third party, not [one] initiated by [defendant]"); *cf. also id.* at *4 (allowing plaintiff's trial counsel to participate in reexamination because "it would be fundamentally unfair" to "forc[e plaintiff] to simultaneously defend the patent[-in-suit] before the [US]PTO and [the c]ourt" with different counsel). The undersigned also believes it inappropriate to permit Plaintiff to evade the prosecution bar and then attempt to secure a tactical advantage through its own reexamination of the PIS. *Cf.* Pall Corporation, 2008 WL 5049961 at *5 (agreeing that extension of prosecution bar was warranted where "plaintiff patent-owner affirmatively placed his patents into reexamination, . . . attempting to re-craft them based upon his review of defendant's confidential litigation discovery" and "gain a tactical advantage over the infringement defendant") (citation omitted).

Given these considerations, the Court will restrict litigation counsel's participation in the reexamination process to instances in which it is the <u>opposing party</u> who initiates reexamination of a patent falling within the scope of the proposed protective order.

Next, trial counsel's participation in putative reexamination proceedings will be preconditioned on their acceptance of an express legal obligation, enforceable through the instant Order, not to rely in any way on confidential information supplied by the opposing party through

5

the course of this litigation.  *Cf.* <u>Hochstein</u>, 2008 WL 4387594 at *2 (relying on plaintiff's representation that his litigation counsel would "not draft new claims, or change the claims at the reexamination," based on confidential information disclosed by defendant during litigation).

Consistent with the foregoing, Paragraph 8 of the standard Protective Order entered in this case shall end with the following additional language:

> . . . provided, however, no attorney or other individual who has access to the other parties' Confidential Attorney Eyes Only Information designated pursuant to this Order shall be involved thereafter, in the prosecution or drafting of patent applications, claim language for patent applications, or arguments made in support of patent applications, excluding a patent in reexamination initiated by, for the benefit, or on behalf of an opposing party in this case, before the U.S. Patent and Trademark Office or foreign patent agencies, for inventions related to methods or apparatus for displaying high resolution images of the type disclosed generally in U.S. Patent 6,078,038.  For the purposes of reexamination, any individual's participation in reexamination proceeding(s) also is expressly conditioned on his/her/its legal obligation, established by Order of the Court, not to use in any way an opposing party's Confidential Attorney Eyes Only Information to draft new claims, or to amend previously existing claims, through the reexamination process.  The above conditions and exclusions continue for a period of one year after the conclusion of this litigation.

IT IS SO ORDERED.

April 17, 2009                                              s\Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States Magistrate Judge

cc (via email):

Arthur A. Gasey, Esq.
David J. Mahalek, Esq.
Douglas M. Hall, Esq.
John E. Hall, Esq.
Paul C. Gibbons, Esq.
Raymond P. Niro, Esq.

Amy J. Roy, Esq.
Paul D. Bangor , Jr. , Esq.
Vincent M. Roskovensky, Esq.
John W. Kozak, Esq.
Steven P. Petersen, Esq.