**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRYSTAL IMAGE TECHNOLOGY, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-307 |
| v. | ) ) | Judge Lancaster |
| | ) | Magistrate Judge Bissoon |
| MITSUBISHI ELECTRIC CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Consistent with the discussions at yesterday's Status Conference, the Court hereby

ORDERS the following:

The parties shall present their technology "tutorials" before the undersigned, in open

court, on **October 5, 2009, at 10:00 a.m.**  The parties may offer live presentation, audio-visual

demonstration, or any combination thereof.  Each side's presentation, however, shall be limited

to one hour in length, exclusive of any time spent responding to the Court's inquiries.

Regarding substance, the tutorials shall not be viewed as a vehicle for presenting the

parties' competing legal theories.  The purpose of the tutorials is to educate the Court on the

relevant technology, not to persuade it regarding the merits of the parties' positions.

Generally, objections regarding the opposing party's tutorial presentation will be

disfavored.  Thus, counsel are expected to exercise professional discretion and ensure that forays

into the weight of the clients' respective legal positions are not included.  Any attempts to unduly

influence the Court regarding the merits of this case will be met with firm disapproval.

The parties' tutorials are not "evidence" in this case and, therefore, are not required to comport with the Federal Rules of Evidence or Civil Procedure.  The Court will, however, secure the services of a court report so that any reviewing court also may enjoy the benefit of the tutorial presentations.

**By August 7, 2009**, the parties separately shall file a brief notice with the Court, identifying:  the substantive content of their tutorial, generally; the individual(s) who will present the tutorial, and their role in this litigation; any specific audio/visual needs; and whether the tutorial will be presented "live," by way of a recorded medium, or both.

Also **by August 7, 2009**, the parties shall submit either:  (1) a revised, joint disputed claim terms chart, containing ten or fewer disputed claims, as reduced through mutual agreement (including the proposed "collapsing" of certain of the twenty-six disputed claim terms currently identified); or (b) separate charts, identifying the party's disputed claim terms, an explanation of why the party believes the claim terms require court construction, and whether and why construction is necessary for the purposes of summary judgment.

As to the *Markman* hearing, by agreement of the parties, each party will be given one hour to present arguments and evidence in support of its proposed claim constructions.  No witness testimony will be presented.  Plaintiff will go first, and Defendant second.

After the parties have presented their cases regarding claims construction, one or both parties may request a brief period, not to exceed 10 minutes, for rebuttal.  Should either party's request be granted, the opposing party will be permitted equal time for rebuttal/response.

IT IS SO ORDERED.

July 23, 2009                                             s\Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States Magistrate Judge

2

cc (via email):

All Counsel of Record